UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0056-TWP-DML |
| | ) | |
| RANDY L. BISHOP, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petition") filed on June 15, and September 10, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on September 24, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 24, 2021, defendant Randy L. Bishop appeared in person with his appointed counsel, Sam Ansell.  The government appeared by Abhishek Kambli, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Ariene Gilbert, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C.  § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Bishop of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Bishop questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Bishop and his counsel, who informed the court they had reviewed the Petition and that Mr. Bishop understood the violations alleged. Mr. Bishop waived further reading of the Petition.

3. The court advised Mr. Bishop of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Bishop was advised of the rights he would have at a preliminary hearing. Mr. Bishop stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Bishop of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Bishop, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |

>On the dates of February 11, 2021; March 18, 2021 and April 21, 2021, Randy Bishop submitted urine samples which tested positive for Amphetamines. On the dates of April 18, 2021 and May 26, 2021, Mr. Bishop submitted urine samples which were positive for Marijuana.

6. The court placed Mr. Bishop under oath and directly inquired of Mr. Bishop whether he admitted Violation Number 1 of his supervised release set forth above. Mr. Bishop admitted the violation as set forth above.

7. Government orally moved to withdraw the remaining violation, which motion was granted by the Court.

8. The parties and the USPO further stipulated:

  (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

  (b) Mr. Wolfe's criminal history category is II.

  (c) The range of imprisonment applicable upon revocation of Mr. Bishop's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of six (6) months with no supervised release to follow. Defendant requested a delayed self-surrender due to his upcoming surgery and placement at a drug treatment facility pending his surgery.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, RANDY L. BISHOP, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow. This Magistrate Judge orders defendant released pending his designation to the Bureau

of Prisons.  In addition to the Defendant's current conditions of supervised release, the following conditions are ordered:

    1.  Defendant is to be placed on home detention with GPS monitoring;

    2.  Defendant is to report to Centerstone, Richmond, Indiana by 12:00 p.m. on September 27, 2021; and

    3.  Defendant is to report to the BOP designated facility no later than December 15, 2021.

Counsel for the parties and Mr. Bishop stipulated in open court waiver of the following:

    1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

    2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rule of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Bishop entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Bishop's supervised release, imposing a sentence of six (6) months with no supervised release to follow.  The defendant is to be released with the above noted additional conditions pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 10/12/2021

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system